## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

_____
                                    )
BLACK WARRIOR RIVERKEEPER, INC.,    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )          Case No.: 2:19-CV-00344-JHE
                                    )
UNITED STATES ENVIRONMENTAL         )
PROTECTION AGENCY; ANDREW WHEELER,  )
ADMINISTRATOR, U.S. Environmental   )
Protection Agency; and REGIONAL     )
ADMINISTRATOR MARY WALKER, U.S.     )
Environmental  Protection Agency Region 4,  )
                                    )
            Defendants.             )
_____)

## DEFENDANTS' ANSWER TO COMPLAINT

The United States Environmental  Protection Agency, Andrew Wheeler, in his official

capacity as Administrator  of the United States Environmental  Protection Agency, and Mary

Walker, in her official capacity as Regional Administrator  for the United States Environmental

Protection Agency Region IV (collectively,  "Defendants"), hereby respond to the Complaint

filed by Plaintiffs on February 27, 2019 (Doc. 1). Except as expressly admitted herein,

Defendants deny each and every allegation  in the Complaint.  Defendants' specific responses are

numbered to correspond to the paragraphs in the Complaint.

## PRELIMINARY STATEMENT

1.      The allegations  contained in Paragraph 1 are conclusions  of law and a

characterization of the Complaint that require no response.  Defendants answer that Paragraph 1

consists of legal contentions  and Black Warrior Riverkeeper's characterization of its claims, to

which no response is required.  Defendants are without information  sufficient to form a belief as to the truth of any remaining  allegations  set forth in Paragraph 1 and therefore denies them.

      2.      The allegations  contained in Paragraph 2 are conclusions  of law and a characterization of the Complaint  that require no response.  To the extent a response is required, Defendants deny any allegations  in this paragraph.

      3.      Defendants admit that EPA is an agency of the federal government.

      4.      The allegations  contained in Paragraph 4 characterize the Administrative Procedures Act and require no response.  To the extent a response is required, the APA speaks for itself and is the best evidence of its contents.

      5.      The allegations  contained in Paragraph 5 are conclusions  of law and a characterization of the Complaint  that require no response.

**JURISDICTION AND VENUE**

      6.      Plaintiff's allegations  regarding jurisdiction  are conclusions  of law and a characterization of the Complaint  that require no response.

      7.      Defendants admit that EPA is an agency of the federal government and that Andrew Wheeler and Mary Walker are agents of EPA.  Plaintiff's allegations  regarding venue are conclusions  of law that require no response.  To the extent that any of these could be deemed allegations  of fact, Defendants lack sufficient knowledge  or information  to form a belief as to the truth of the allegations  in Paragraph 7 and therefore deny those allegations.

      8.      The allegations  contained in Paragraph 8 are conclusions  of law and a characterization of the Complaint  that require no response.  To the extent that any of these could be deemed allegations  of fact, Defendants lack sufficient knowledge  or information  to form a belief as to the truth of the allegations  in Paragraph 8 and therefore deny those allegations.

2

## PARTIES AND STANDING

9.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny those allegations.

10.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny those allegations.

11.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny those allegations.

12.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny those allegations.  Redressability is a conclusion of law and requires no response.

13.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny those allegations.

14.     At the time of Plaintiff's filing, Defendants admit that Andrew Wheeler was Acting Administrator of the EPA. Defendants aver that Andrew Wheeler is now the Administrator of the EPA. The remainder of Paragraph 10 are conclusions of law and require no response.

15.     At the time of Plaintiff's filing, Defendants admit that Mary Walker was the Acting Regional Administrator of EPA Region 4.  EPA avers that Mary Walker is now the Regional Administrator of EPA Region 4.  The remainder of Paragraph 15 are conclusions of law and require no response.

16.     Admitted.

## LEGAL BACKGROUND

17.     The allegations contained in Paragraph 17 characterize the Clean Water Act and require no response. To the extent that a response is required, the Clean Water Act speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants deny any allegations in this paragraph.

18.     The allegations contained in Paragraph 18 characterize the Clean Water Act and require no response. To the extent that a response is required, the Clean Water Act speaks for itself and is the best evidence of its contents. Any remaining allegations in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

19.     The allegations contained in Paragraph 19 characterize the Clean Water Act and require no response. To the extent that a response is required, the Clean Water Act and the cited regulations speak for themselves and are the best evidence of their contents. Any remaining allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

20.     The allegations contained in Paragraph 20 characterize the Clean Water Act and require no response. To the extent that a response is required, the Clean Water Act speaks for itself and is the best evidence of its contents. Any remaining allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

21.     The allegations contained in Paragraph 21 characterize the Clean Water Act and require no response. To the extent that a response is required, the Clean Water Act speaks for

itself and is the best evidence of its contents. To the extent a response is required, Defendants deny any allegations in this paragraph.

22.     The allegations contained in Paragraph 22 characterize the Clean Water Act and require no response. To the extent that a response is required, the Clean Water Act speaks for itself and is the best evidence of its contents. Any remaining allegations in Paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

23.     The allegations contained in Paragraph 23 characterize the Clean Water Act regulations and require no response. To the extent that a response is required, the Clean Water Act regulations speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendants deny any allegations in this paragraph.

24.     The allegations contained in Paragraph 24 characterize the Clean Water Act regulations and require no response. To the extent that a response is required, the Clean Water Act regulations speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendants deny any allegations in this paragraph.

25.     The allegations contained in Paragraph 25 characterize the Clean Water Act regulations and require no response. To the extent that a response is required, the Clean Water Act regulations speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendants deny any allegations in this paragraph.

26.     The allegations contained in Paragraph 24 characterize the Clean Water Act and require no response. To the extent that a response is required, the Clean Water Act speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants deny any allegations in this paragraph.

**BACKGROUND FACTS**

27.     Defendants admit the Alabama Department of Environmental Management (ADEM) issued a public notice of availability of the Draft 2018 303(d) List of Impaired Waterbodies and accompanying Fact Sheet on or about February 11, 2018.

28.     The allegations in this paragraph characterize the State of Alabama's Draft List; the Draft List speaks for itself and is the best evidence of its contents and no response is therefore required. To the extent a response is required, Defendants deny any allegations in this paragraph.

29.     The allegations in this paragraph characterize the State of Alabama's Draft List; the Draft List speaks for itself and is the best evidence of its contents and no response is therefore required. To the extent a response is required, Defendants deny any allegations in this paragraph.

30.     The allegations in this paragraph characterize the State of Alabama's Draft List; the Draft List speaks for itself and is the best evidence of its contents and no response is therefore required. To the extent a response is required, Defendants deny any allegations in this paragraph.

31.     The allegations in this paragraph characterize a number of websites and published studies, which speak for themselves and are the best evidence of their contents, and no response is therefore required. Defendants lack sufficient knowledge or information to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies those allegations.

32.     The allegations in this paragraph characterize the State of Alabama's Draft List; the Draft List speaks for itself and is the best evidence of its contents and no response is

therefore required.  To the extent a response is required, Defendants deny any allegations in this paragraph.

33.     Admitted.

34.     The allegations in this paragraph characterize Riverkeeper's public comments on Alabama's Draft List; the public comments speak for themselves and are the best evidence of their contents and no response is therefore required.  To the extent a response is required, Defendants deny any allegations in this paragraph.

**A.     Proposed Delisting of Lost Creek**

35.     The allegations in this paragraph characterize the State of Alabama's Draft Delisting for Lost Creek document; that document speaks for itself and is the best evidence of its contents and no response is therefore required.

36.     The allegations in the first sentence of this paragraph characterize the State of Alabama's Draft Delisting for Lost Creek document; that document speaks for itself and is the best evidence of its contents and no response is therefore required. The allegations in the second sentence of this paragraph characterize the State of Alabama's Draft Delisting for Lost Creek, 2012 Monitoring Summary for Segment #1 document, and 2012 & 2013 Monitoring summary for Segment #2 document; those documents speak for themselves and are the best evidence of their contents and no response is therefore required.  To the extent a response is required, Defendants deny any allegations in this paragraph.

37.     The allegations in this paragraph characterize the State of Alabama's 2012 Monitoring Summary for Segment #1 document; that document speaks for itself and is the best evidence of its contents and no response is therefore required.

38.     The allegations in this paragraph characterize the State of Alabama's 2012 & 2013 Monitoring Summary for Segment #2 document; that document speaks for itself and is the best evidence of its contents and no response is therefore required.

39.     The allegations in this paragraph characterize the State of Alabama's Draft Delisting for Lost Creek document; that document speaks for itself and is the best evidence of its contents and no response is therefore required.

40.     The allegations in the first sentence of this paragraph characterize the water quality sampling data in the State of Alabama's Draft Delisting for Lost Creek document; that document speaks for itself and is the best evidence of its contents and no response is therefore required.  The allegations in the second and third sentences of this paragraph characterize the State of Alabama's Section 303(d) list documents for 2014 and 2016; those documents speak for themselves and are the best evidence of their contents and no response is therefore required.  To the extent a response is required, Defendants deny any allegations in this paragraph.

41.     Defendants deny the allegation in the first sentence that "Alabama arbitrarily changed the rules of the game in 2018."  Defendants also deny that Alabama failed to explain the basis for its action.  Otherwise, the allegations in this paragraph characterize the State of Alabama's decision documents; the documents speaks for themselves and are the best evidence of their contents and no response is therefore required.  To the extent a response is required, Defendants deny any allegations in this paragraph.

42.     The allegations in Paragraph 42 characterize the State of Alabama's decision documents; the documents speaks for themselves and are the best evidence of their contents and no response is therefore required.  To the extent a response is required, Defendants deny any allegations in this paragraph.

43.     The allegations in this paragraph characterize and quote from EPA's decision document relating to EPA's September 17, 2018 action approving Alabama's Section 303(d) list; that decision document speaks for itself and is the best evidence of its contents and therefore no response is required. Additionally, the allegations contained in this paragraph are conclusions of law that require no response.

**B. Proposed Delisting of Big Yellow Creek**

44.     The allegations in this paragraph characterize the State of Alabama's Draft Delisting for Big Yellow Creek document; that document speaks for itself and is the best evidence of its contents and no response is therefore required.

45.     Defendants admit that the State of Alabama did not develop a TMDL for Big Yellow Creek. The allegations in the second clause of this paragraph characterize the State of Alabama's Draft Delisting for Big Yellow Creek document; that document speaks for itself and is the best evidence of its contents and no response is therefore required. To the extent a response is required, Defendants deny any allegations in this paragraph.

46.     The allegations contained in Paragraph 46 characterize the Clean Water Act regulations and require no response. To the extent that a response is required, the Clean Water Act regulations speak for themselves and are the best evidence of their contents.

47.     Defendants admit that the State has developed a methodology for preparing the Section 303(d) List. The State of Alabama's Water Quality Assessment and Listing Methodology document speaks for itself and is the best evidence of its contents and no response is therefore required.

48.     The allegations in the first and second sentences in this paragraph characterize the State of Alabama's Water Quality Assessment and Listing Methodology document; that

document speaks for itself and is the best evidence of its contents and no response is therefore required. The allegations in the third sentence of this paragraph quote EPA's guidance document for assessment, listing and reporting requirements for 2006; that document speaks for itself and is the best evidence of its contents and no response is therefore required.

49.     The allegations in Paragraph 49 characterize the State of Alabama's Administrative Code; that document speaks for itself and is the best evidence of its contents and no response is therefore required.

50.     The allegations in this paragraph characterize the State of Alabama's Water Quality Assessment and Listing Methodology document; that document speaks for itself and is the best evidence of its contents and no response is therefore required.

51.     The allegations in this paragraph characterize the State of Alabama's Water Quality Assessment and Listing Methodology document; that document speaks for itself and is the best evidence of its contents and no response is therefore required.

52.     The allegations in the first sentence in this paragraph characterize the State of Alabama's Draft Delisting for Big Yellow Creek document; that document speaks for itself and is the best evidence of its contents and no response is therefore required. The allegations in the second sentence in this paragraph characterize a provision of the Code of Federal Regulations, the State of Alabama's Response to Comments document, and Alabama's Draft Delisting for Big Yellow Creek document; those documents speak for themselves and are the best evidence of their contents and no response is therefore required. To the extent a response is required, Defendants deny any allegations in this paragraph.

53.     The allegations in this paragraph characterize EPA's decision document relating to EPA's September 17, 2018 action approving Alabama's Section 303(d) list; that decision

document speaks for itself and is the best evidence of its contents and therefore no response is required. Additionally, the allegations contained in this paragraph are conclusions of law that require no response.

## VI. CLAIM FOR RELIEF

54.     Defendants incorporate by reference their prior responses to paragraphs one through fifty-three.

55.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

56.     The allegations contained in Paragraph 55 characterize Clean Water Act regulations and require no response. To the extent that a response is required, the Clean Water Act speaks for itself and is the best evidence of its contents. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

57.     Defendants deny that Alabama failed to submit and EPA failed to review all existing and readily available water quality data to delist Segment #1 and Segment #2 of Lost Creek. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in this paragraph.

58.     The allegations in the first and third sentences of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph. The remaining allegations in this paragraph characterize the State of Alabama's Response to Comments document and require no response. To the extent

11

that a response is required, the State of Alabama's Response to Comments document speaks for itself and is the best evidence of its contents.

59.     The allegations contained in Paragraph 59 characterize EPA guidance and require no response. To the extent that a response is required, the guidance speaks for itself and is the best evidence of its contents. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

60.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

61.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

62.     The allegations contained in Paragraph 62 characterize the Clean Water Act regulations and require no response. To the extent that a response is required, the regulations speak for themselves and are the best evidence of their contents. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

63.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations in this paragraph.

**PRAYER FOR RELIEF**

64.     Defendants deny that Plaintiff is entitled to any relief requested.

65.   Defendants deny that Plaintiff is entitled to any relief requested.

66.   Defendants deny that Plaintiff is entitled to any relief requested.

67.   Defendants deny that Plaintiff is entitled to any relief requested.

## GENERAL DENIAL

To the extent any allegation of Plaintiff's general Complaint has not been admitted or specifically responded to, Defendants deny such allegation.

## DEFENSES

1.   Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

2.   Plaintiffs lack standing to bring this action.

Respectfully submitted,

Dated: June 5, 2019                           /s/ Sydney A. Menees
                                              SYDNEY A. MENEES
                                              Trial Attorney
                                              United States Department of Justice
                                              Environment & Natural Resources Division
                                              Environmental Defense Section
                                              P.O. Box 7611
                                              Washington, DC 20044
                                              sydney.menees@usdoj.gov
                                              (202) 514-2398

                                              JOHN D. SAXON, JR.
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              Northern District of Alabama
                                              1801 Fourth Avenue North
                                              Birmingham, AL 35203
                                              Office: (205) 244-2100
                                              Fax: (205) 244-2181

                                              *Attorneys for Defendants.*

13